OPINION
{¶ 1} Petitioner-appellant Devonee Biancarelli [the wife] appeals the decision of the trial court which vacated a judgment adopting a separation agreement after petitioner-appellee Xavier Biancarelli [the husband] complained that the agreement was one-sided and unconscionable. The threshold issue is whether the husband's motion to vacate was made within a reasonable time. For the following reasons, the trial court abused its discretion in granting the husband's motion to vacate, which was filed almost four years after the court adopted the parties' separation agreement and which failed to explain the delay. Accordingly, the trial court's judgment is reversed, and this case is remanded.
 STATEMENT OF FACTS {¶ 2} The parties were married in June 1993 and had a son in May 1998. The husband is a French citizen who has resided in the United States since 1980. Both parties are nurses. The husband worked for the Department of Rehabilitation and Corrections.
 {¶ 3} After seven years of marriage, the husband asked for a dissolution. The wife retained an attorney to represent her and draft a settlement agreement; the husband was advised that he was unrepresented but stated that he did not wish to retain an attorney. The husband was presented with the draft agreement for his review prior to the time set for signing.
 {¶ 4} In July 2000, the parties filed a petition for dissolution with the signed separation agreement attached. First, certain property was divided. The agreement stated that they already equitably divided their bank accounts. The wife then received a 1991 Ford Festiva, a 1993 Dodge Shadow, all household items not listed for the husband, and any life insurance insuring her life. The agreement stated that the wife is to retain 8.437 acres received from her parents in 1996 and that this property is already her separate property; she agreed that the child will be the sole beneficiary of the land and she will enter a prenuptial agreement upon remarriage to protect this land for the child.
 {¶ 5} The husband received a 1996 Ford 4x4 truck, his fishing and hunting equipment, tools, and two dogs. He also received his deferred compensation plan valued at $15,000. However, the wife and child were to remain sole beneficiaries of the entire account (including future contributions) in the event of the husband's death. Likewise, he retained any life insurance policy on his life, including those provided through his employment. However, the wife and child were to remain the sole beneficiaries of any existing policies and any replacement policies.
 {¶ 6} The agreement then discussed his Public Employees' Retirement System (PERS) pension plan. The husband was permitted to keep the entire account. The child was to be designated the sole beneficiary of the PERS account including all survivor benefits in the event of the husband's death. This beneficiary designation was to include all amounts contributed after termination of the marriage. The husband was then barred from encumbering or cashing-in the account unless the child died.
 {¶ 7} The husband then agreed to assume $19,000 in debt, which included a $12,000 loan on his truck and his student loan. The wife agreed to assume $17,600 in debt plus her three student loans the total of which was uncertain at the time. Both parties agreed to jointly assume the mortgage debt of more than $90,000 with monthly payments of $941 which were to be split in half. In the paragraph dealing with spousal support, the parties recognized that the assumption of debts was a spousal support obligation and reserved trial court jurisdiction over that issue.
 {¶ 8} The parties agreed that the wife would be the residential parent and that the husband would receive standard visitation. Child support was calculated on a worksheet, using his $45,000 salary and her $22,500 salary, as $474 per month after poundage. The husband was to provide medical insurance for the child through his employer and pay all medical expenses for the child including any deductible and co-payments. All child support payments were said to remain subject to the continuing jurisdiction of the court.
 {¶ 9} The husband was to maintain life insurance presently existing on the child's life. Also in the child support section, the husband was made responsible for undergraduate college expenses for the child including tuition, room and board, books, and all other reasonable and necessary expenses.
 {¶ 10} The wife was granted the right to claim the child on her state and federal tax returns. The husband was required to pay the wife's attorney fees and his own, if any. Finally, the agreement stated that the husband was advised that the wife's attorney does not represent him and that he should have separate legal counsel.
 {¶ 11} A hearing was held on September 1, 2000 where the parties were asked if they read the agreement and if it represented their wishes. That same day, the court incorporated the separation agreement into a decree of dissolution.
 {¶ 12} Three years later, the wife petitioned the court for an evaluation of the husband's visitation. She also notified the court that she was now pregnant with the husband's child.
 {¶ 13} On October 9, 2003, the husband filed a motion for a modification of his parenting time to the same amount but different days. He also filed a motion to reconsider the following aspects of the child support: (1) his liability for all uncovered medical bills; (2) college expenses; and (3) the income tax deduction.
 {¶ 14} The parties' daughter was born in March 2004. Paternity was established, and the wife filed a motion for child support for the new child.
 {¶ 15} On July 14, 2004, the husband filed an amended motion. He reiterated the requests in his October 9, 2003 motion and then added three more requests. First, he sought termination of spousal support, meaning his obligation to pay half of the mortgage payments, noting that the court retained jurisdiction and claiming that the circumstances have changed.
 {¶ 16} Second, he argued that two clauses of the separation agreement were void. He stated that Section 4B dealing with his deferred compensation and Section 7 dealing with PERS were void as to the portion contributed after termination of the parties' marriage because it is a division of non-marital property.
 {¶ 17} Third, he argued in the alternative that the court should vacate the entire separation agreement as it was not knowingly entered into because he relied on misrepresentations of the wife and she knew that he could not understand the agreement since English is his second language.
 {¶ 18} An evidentiary hearing was held on August 14, 2004. The husband's attorney argued that the separation agreement was unconscionable overall and that he only signed because he was told that this is what was done in the United States and he is not well-versed in the legal system.
 {¶ 19} The husband testified that his concern in signing the agreement was to take care of his child. (Tr. 10). He admitted that he signed the agreement and that he had the paperwork in advance. (Tr. 10-11). He stated that when he read that he received his deferred compensation and PERS in the agreement "that's as far as I went." (Tr. 11). He noted that he had three kids now (one from another woman) and he wanted to treat them all equally. (Tr. 16).
 {¶ 20} On cross-examination, it was revealed that he has been in the United States for twenty-four years, twenty at the time of the agreement. He received an associate's degree in nursing in this country and passed nursing board examinations in order to become a registered nurse. He also acknowledged that he previously advised the court that he understood the agreement. (Tr. 35).
 {¶ 21} The wife testified that the husband wanted a quick dissolution so that he could go to France. She retained an attorney and the husband stated that he would not get an attorney if her attorney drew up a reasonable agreement. (Tr. 64). She said that her attorney disclosed to him that he was not representing his interests and that he had the right to obtain his own counsel to review the agreement. She testified that the husband had a copy in advance, read and initialed every page in front of her, and agreed to all the terms. (Tr. 65).
 {¶ 22} She also happened to mention that her husband once met with her attorney when she was not there and discussed the agreement with him. (Tr. 64-65). Thereafter, the court expressed outrage that her attorney would meet with the husband alone, characterizing it as a violation of the code of ethics. (Tr. 87, 97). The wife tried to interject that the husband merely went to the attorney's office to pick up his copy, but the court would not allow her to add this testimony. (Tr. 98). The court then declared that the agreement was unconscionable and one-sided, opining that the husband would lose his entire retirement due to a seven-year marriage. (Tr. 98).
 {¶ 23} The court released its judgment entry on November 12, 2004. The court recalculated child support, split the tax deductions, redivided the obligation for unpaid medical expenses in proportion to the child support worksheet, and modified the parenting time giving the husband different days for the son and less than standard time for the nursing daughter. The court refused to address college expenses as it did not find the issue ripe. Most importantly for purpose of this appeal, the court held that the separation agreement entered in the parties' dissolution action is unconscionable and one-sided. The court then set the matter for further hearing.
 {¶ 24} We note that by declaring the entire agreement unconscionable and one-sided and by ordering a hearing to redetermine the issues now left undecided, the trial court effectively vacated its prior order adopting the separation agreement. The wife filed timely notice of appeal from this final order. See R.C. 2505.02 (B)(3) (an order is final and appealable when it vacates or sets aside judgment or grants a new trial). See, also, Biller v. Fitch (1989), 61 Ohio App.3d 357, 358-359 (party must file timely appeal from vacation order rather from new decision made after vacation), citing e.g. Bates Springer, Inc. v. Stallworth
(1978), 56 Ohio App.2d 233.
 ASSIGNMENT OF ERROR {¶ 25} The wife's sole assignment of error provides:
 {¶ 26} "THE TRIAL COURT ERRED IN SETTING ASIDE THE PARTIES' SEPARATION AGREEMENT WHEN THE EVIDENCE ESTABLISHED THAT IT WAS KNOWINGLY AND VOLUNTARILY ENTERED INTO."
 {¶ 27} The wife argues that the husband's motion to vacate the separation agreement and the accompanying judgment was not brought within one year as required by Civ.R. 60(B)(1) through (3) or within a reasonable time even if he were permitted to bring the motion under Civ.R. 60(B)(5). She notes that there was no explanation as to why he waited almost four years to file his motion. She then argues that appellant knew what he was signing at the time and that the court cannot find the agreement to be unconscionable and one-sided without evidence of the worth of the various assets received under the agreement.
 {¶ 28} As for the timeliness issue, the husband merely responds that vacation of a judgment under Civ.R. 60(B) is subject to the trial court's sound discretion. He contends that his motion was timely and believes that he filed it three years from the date of the decree, not four years as stated by the wife. He then states that the wife waived her argument about timeliness because she did not raise it to the trial court.
As for the merits, the husband notes that the court had various property values before it because an information sheet was attached to the petition for dissolution and other amounts were listed in the separation agreement. He concludes that the trial court could find the agreement unconscionable because her attorney met with him in private. Also, the agreement excluded after acquired property but then required him to maintain the wife and their child as the beneficiaries on the entire deferred compensation account and the child on the entire PERS account, including monies contributed after termination of the marriage. He also urges that the requirement that he keep his wife and child as his life insurance beneficiaries is unconscionable as is his responsibility for paying half the mortgage when she was awarded the entire property.
 CIVIL RULE 60(B) {¶ 29} After final judgment, a party can seek relief from that judgment based on Civ.R. 60(B), which provides:
 {¶ 30} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 31} "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 32} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the five grounds listed in the rule, and (3) timeliness of the motion. GTE Automatic Elec., Inc.v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, 150-151. We review the trial court's decision for an abuse of discretion, which means a decision that was unreasonable, arbitrary, or unconscionable. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20; Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 33} Civ.R. 60(B) can be applied to dissolution decrees and the separation agreements upon which they are based. In re Whitman (1998),81 Ohio St.3d 239, 242 (noting that allegations that consent or mutuality did not exist when the parties entered into the separation agreement because of fraud or material mistake or misrepresentation can constitute grounds for relief from judgment).
 {¶ 34} However, even if there were operative facts establishing a meritorious claim or defense and entitlement to relief, all five grounds for relief require the motion to be made within a reasonable time. The first three grounds for entitlement to relief have a maximum time limit of one year, while the last two grounds have no maximum limit if the time can otherwise be characterized as reasonable under the circumstances of the case. For this reason, movants exceeding the one year limit often try to label their motion as falling under Civ.R. 60(B)(5), which is the catch-all provision entailing "any other reason justifying relief from the judgment."
 {¶ 35} However, "any other reason" clearly means a reason other than those specifically listed above. The grounds for using (B)(5) must be substantial, and this section can only be used when a more specific provision does not apply. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. Thus, if the reason falls under one of the reasons with a one-year maximum time limit, then the catch-all provision cannot be used to avoid that time limit. Strack v. Pelton (1994),70 Ohio St.3d 172, 174.
 ANALYSIS {¶ 36} Here, the husband argues for instance that he could not understand the agreement, he relied on his wife's misrepresentations, and her attorney should not have met with him in private (which the trial court stated was a violation of the code of ethics). These arguments fall under Civ.R. 60(B)(1), mistake, inadvertence, surprise or excusable neglect, or Civ.R. 60(B)(3), fraud, misrepresentation or other misconduct of an adverse party. Because a more specific provision applies, Civ.R. 60(B)(5) cannot be utilized to avoid the one-year maximum time limit for reasonableness.
 {¶ 37} The husband's motion was filed almost four years after the dissolution decree was filed. The husband incorrectly calculates the time as three years because he is apparently counting from the date of his October 2003 motion to modify parenting time and child support; both are modifiable under the terms of the agreement and pursuant to statute. The October 2003 motion did not state that the agreement was unconscionable or ask to vacate the agreement.
 {¶ 38} It was not until he amended his motion in mid-July of 2004, three years ten and a half months after the dissolution decree was filed, that he made these arguments. Regardless, the motion was filed well over the maximum one year time limit. Thus, the trial court was not permitted to vacate the agreement on grounds of unconscionability and/or misrepresentation.
 {¶ 39} Even assuming arguendo that the one-year time limit did not apply, the husband failed to establish that his motion was filed within a reasonable time. The decree of dissolution incorporating the separation agreement was filed on September 1, 2000, but he did not seek to vacate the agreement until July 14, 2004. He gave absolutely no explanation for this delay in his motion or in his testimony. In fact, he had an attorney before October 9, 2003, as this is when his attorney filed the motion regarding modification of child support and parenting time. There is no indication why he would not be well-advised during that time prior to July 14, 2004, when his motion was amended to seek vacation of the entire agreement or the specific provisions relevant to this appeal.
 {¶ 40} Contrary to the husband's argument on appeal, it is not the nonmovant's duty to raise a failure to show timeliness to the trial court. Rather, it is the movant's burden to establish timeliness. GTE,47 Ohio St.2d at 150-151. In fact, it is a mandatory element of his motion. Id. Where he fails to set forth any operative facts concerning the lengthy delay, he failed to meet his burden. See Id.
 {¶ 41} For all of the foregoing reasons, it was unreasonable to grant relief from judgment where timeliness was not alleged or established. The vacation of the separation agreement on grounds of declared unconscionability or misrepresentation is therefore reversed. Due to our resolution of the timeliness issue, we need not reach any issues surrounding the merits of the trial court's findings.
 {¶ 42} We note that our decision does not preclude the trial court from modifying any visitation issues, child support issues (such as tax deduction, monthly payments, college expenses), or spousal support issues (such as his responsibility for half of the mortgage on her property). See, R.C. 3105.65(B) (upon dissolution, jurisdiction retained over custody, visitation, and child support); R.C. 3105.63(C) and R.C.3105.18(E)(2) (providing that spousal support can be modified upon a reservation of jurisdiction in the separation agreement and changed circumstances). Thus, the case is remanded for the trial court to address any remaining issues such as the spousal support issue raised in the husband's motion, which the court did not separately address since it decided to vacate the entire separation agreement.
 {¶ 43} Judgment reversed and remanded.
Waite, J., concurs.
DeGenaro, J., concurs.