DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Theresa A. Lambert, appeals the decision of the Fulton County Court of Common Pleas to deny her motion to set aside a separation agreement and the incorporation of that separation agreement into a final judgment of divorce. For the reasons that follow, we reverse.
 {¶ 2} The parties have been legally separated since February 12, 2003; on that date, the parties appeared in a final hearing on a separation agreement and shared parenting plan and the trial court entered judgment granting a legal separation. Appellant was unrepresented during the drafting of the agreement and unrepresented at the hearing. The separation agreement, providing for property division and the allocation of parental rights and responsibilities pursuant to a shared parenting plan, became the order of the court in case number 02DM171. The separation agreement, and thus the judgment of legal separation, contained a clause mandating its embodiment in a subsequent decree of divorce or dissolution.
 {¶ 3} Appellee, William H. Lambert, filed a complaint in divorce on February 17, 2004. This complaint was assigned case number 04DV39.
 {¶ 4} Appellant first filed a "Motion to Set Aside the Separation Agreement"; it was filed under the case number of the newly filed complaint for divorce. Appellee responded by arguing that the motion was properly treated pursuant to Ohio Civ. R. 60(B). Shortly thereafter, appellant filed a motion captioned "60(B) Motion to Set Aside Separation Agreement"; however, this motion was also filed under the case number assigned the complaint for divorce, rather than the case number assigned the separation agreement. Appellee opposed both motions.
 {¶ 5} On October 24, 2004, the court entered a ruling denying appellant's motion for relief from the separation agreement pursuant to Civ.R. 60(B). First, the court found that appellant had filed the motion in the wrong case. Second, it found that appellant had not "shown by clear and convincing evidence that she has a meritorious defense or claim" warranting relief pursuant to Civ.R. 60(B). The order denying the motion noted that appellant was not represented by an attorney, but found that she had affirmatively waived her right to an attorney in the body of the separation agreement, and also before the court in the hearing for legal separation.
 {¶ 6} At a hearing on November 23, 2004, the trial court granted a divorce on grounds of irreconcilable differences and incompatibility. At the hearing on that date, appellant objected to the wholesale incorporation of the separation agreement into the judgment entry of divorce. The trial court overruled the objection, and the final entry of divorce was filed December 7, 2004; the entry incorporated by reference the order granting the legal separation and separation agreement. Thus, the separation agreement, pursuant to its clause, was embodied in the divorce decree.
 {¶ 7} Appellant raises two assignments of error for review:
 {¶ 8} "ASSIGNMENT OF ERROR NO. 1: The trial court erred and abused its discretion by denying Appellant's Motion to Set Aside the Separation Agreement.
 {¶ 9} "ASSIGNMENT OF ERROR NO. 2: The trial court abused its discretion by adopting a Separation Agreement from a Legal Separation in the Final Judgment Entry of Divorce."
 {¶ 10} "Civ.R. 60(B) can be applied to dissolution decrees and the separation agreements upon which they are based. In re Whitman (1998),81 Ohio St.3d 239, 242 (noting that allegations that consent or mutuality did not exist when the parties entered into the separation agreement because of fraud or material mistake or misrepresentation can constitute grounds for relief from judgment)." Biancarelli v. Biancarelli, 7th Dist. No. 04-NO-325, 2005-Ohio-4470, at ¶ 33. An appellate court reviews a trial court's ruling on such motions for an abuse of discretion. "The determination of whether relief should be granted is addressed to the sound discretion of the trial court." In re Whitman, 81 Ohio St.3d at 242, citing Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 11} Civ.R. 60(B) applies to relieve a party from an otherwise final judgment in limited circumstances. Here, a legal separation agreement, otherwise governed by contract law, see Greiner v. Greiner (1979),61 Ohio App.2d 88, has become an order of legal separation; therefore, as appellee correctly noted below, appellant's first motion was to be considered pursuant to Civ.R. 60(B). Although appellant argues that because issues from the legal separation carry over into the divorce, it should still be voidable as any other fraudulent contract, a separation agreement of the parties loses its nature as a contract the moment it is adopted by the court and incorporated into a decree of divorce. Wolfe v.Wolfe (1976), 46 Ohio St.2d 399, paragraph four of the syllabus.
 {¶ 12} In order to secure relief pursuant to Civ.R. 60(B), a party must demonstrate each of the following:
 {¶ 13} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} Ohio Civ. R. 60(B) states:
 {¶ 15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 16} When a trial court is faced with a decision as to whether to incorporate a separation agreement, it can choose among several options. "First, it can find that the separation agreement is fair, just and equitable and incorporate it by reference into the final decree. Secondly, the court can reject some of the terms of the separation agreement, make an independent ruling on those issues and incorporate the independent rulings and partial separation agreement into the decree. Thirdly, the court can reject the entire separation agreement and make its own findings regarding the issues set forth in the complaint." Erbv. Erb (Dec. 19, 1991), 8th Dist No. 59615, at 3. Clearly, a trial court has authority to set aside a separation agreement where it can be shown that it was procured by fraud or coercion. Id., citing Greiner v.Greiner (1979), 61 Ohio App.2d 88, 95.
 {¶ 17} Here, however, the trial court had to consider appellant's motion to set aside the separation agreement under Civ.R. 60(B) since the agreement had gained the status of a judgment entry. Thus, the question presented by this appeal is not whether the incorporation of the agreement was unreasonable; rather, the question is whether the trial court abused its discretion when, faced with appellant's assertions of duress and coercion, it chose not to hold an evidentiary hearing pursuant to Civ.R. 60(B).
 {¶ 18} Appellant presented her motion under Civ.R. 60(B)(3), (4), and (5). Contrary to the dissent's assertion, appellant's brief "explicitly" makes arguments regarding the second motion made pursuant to Civ.R. 60(B); indeed, appellant's sentence directly underneath her assignment of error states: "Mrs. Lambert, Appellant herein, would argue that the trial court erred and abused its discretion by denying her two Motions to set Aside the Separation Agreement from a prior Legal Separation action." Appellant then clearly and directly addresses the judgment entry appealed: "The trial court denied Mrs. Lambert's Civ.R. 60(B) Motion for Relief from Judgment. See, Judgment Entry 9/3/04. The 60(B) Motion, and the July 15, 2004 Motion to Set Aside Judgment, both had Affidavits attached to them, but the trial court denied hearing on the motion * * *." The single judgment entry issued indicates that the trial court considered both of appellant's motions; appellant's first motion did invoke Civ.R. 60(B), and cases involving Civ.R. 60(B), although it was not captioned as such.
 {¶ 19} Appellee argues that, because appellant asserted fraud, she was limited to Civ.R. 60(B)(3). Since appellant undisputedly filed her motion more than one year after the entry of legal separation, appellee argues, she should be barred from relief.
 {¶ 20} Upon an examination of appellant's motion, we find that she argues more than fraud. She also asserted that she signed the separation agreement under coercion and duress and that she was unrepresented during the separation proceedings because appellee threatened her with the loss of her child if she obtained representation. While appellee's conduct as alleged by appellant could constitute other "misconduct" as considered by Civ.R. 60(B)(3), the conduct alleged, in this context, also warrants consideration under Civ.R. 60(B)(4) and (5). Thus, we find appellant has alleged sufficient facts to merit consideration of her motion under Civ.R. 60(B)(4) and (5). See McSweeney v. McSweeney (1996),112 Ohio App.3d 355, 360, upholding a grant of a motion from relief from judgment upon wife's claims of physical abuse and intimidation;Quebodeaux v. Quebodeaux (1995), 102 Ohio App.3d 502, upholding a grant of relief from judgment pursuant to Civ.R. 60(B)(5), upon wife's claims that she entered into the separation agreement under duress.
 {¶ 21} In opposition, appellee argues that the evidence presented was insufficient for relief as a matter of law and that such evidence did not require a hearing. While it has been held that a movant who submits no evidence in support of her Civ.R. 60(B) motion is not entitled to a hearing on her motion to vacate judgment, see Witmer v. Woessner (May 10, 1993), 5th Dist. No. CA-9173, the converse also holds: "A movant is entitled to an evidentiary hearing on a Civ.R. 60(B) motion for relief from judgment where the motion and affidavit contain sufficient allegations of operative facts which would support a meritorious defense to the judgment." BancOhio Nat. Bank v. Schiesswohl (1988),51 Ohio App.3d 130, paragraph one of the syllabus. Thus, the trial court's statement in its judgment entry that appellant was required to produce "clear and convincing" evidence of a meritorious claim is simply incorrect. We find that appellant's motions and affidavits contain "sufficient allegations of operative facts" which would support a defense of duress and coercion.
 {¶ 22} In her affidavit produced in support of the first motion to set aside the separation agreement, appellant stated: that she was "coerced, pressured, and threatened" by appellee; that appellee promised it was "only temporary" and that they would "get back together and that he would take care of me and the children in the meantime"; that appellee told her that his attorney told appellee to "play it out like we were getting back together and ride it out, so the hearing on the separation would go smoothly"; that she would never have signed the agreement if it had been explained to her in a manner that she could have understood what she was forfeiting; that appellee had "threatened [her] with having no place to live if I didn't." The affidavit also contains allegations of domestic violence by appellee during the marriage and appellant stated that she "was told that things could get worse if I did not sign the papers as they were or if I obtained an attorney." She averred that she was also threatened with the loss of custody of her son. In her second motion, appellant averred that she was threatened with the loss of her children if she did not sign the agreement, and that because of a "minimal brain dysfunction" she could not comprehend the ramifications of signing the separation agreement.
 {¶ 23} Pursuant to Quebodeaux v. Quebodeaux, supra, we find the trial court abused its discretion when it failed to hold an evidentiary hearing on appellant's allegations in support of her motions pursuant to Civ.R. 60(B)(4) and (5). Contrary to the trial court's statement, a movant is only required to "allege a meritorious defense, it does not have to prove that it will prevail on that defense." Robinson v. Robinson, 5th Dist. No. 2002CA00009, 2002-Ohio-5760, ¶ 45, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. Additionally, the trial court need not have considered whether the entire legal separation should be vacated; "partial vacation or modification of an order has been implicitly accepted as an acceptable form of relief" under Civ.R. 60(B).In re Whitman, supra at 243. Thus, the trial court should have considered whether appellant could produce evidence in support of her allegations which would warrant setting aside, at a minimum, the clause mandating the agreement's incorporation into the decree of divorce.
 {¶ 24} Appellant's first assignment of error is therefore well-taken, therefore, we do not reach appellant's second assignment of error. The judgment of the Fulton County Court of Common Pleas, Domestic Division, is reversed and the cause is remanded for further proceedings consistent with this decision.
 {¶ 25} Appellee is hereby ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., concur.
Dennis M. Parish, J., dissents.