{¶ 24} The majority holds that the lower court was without jurisdiction to modify that part of the parties' separation agreement prescribing that the parties are to "divide equally" their daughter's "reasonable living expenses and books" at college. This conclusion is contrary to both the statutory and case law on this issue, flatly contradicting our court's own precedent in Sutherell v. Sutherell (June 11, 1999), 11th Dist. No. 97-L-296, 1999 Ohio App. LEXIS 2631. Accordingly, I dissent.
 {¶ 25} The parties' separation agreement provided that the parties would continue to support their daughter while she attended a state supported college or university. The separation agreement did not provide for the domestic relations court to have continuing jurisdiction to modify their agreement. Absent an express reservation of jurisdiction in the agreement, courts retain a limited, statutory jurisdiction to modify separation agreements. In re Whitman, 81 Ohio St.3d 239, 241, 1998-Ohio-466. Specifically, "[t]he court * * * retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the children's parents." R.C. 3105.65(B).
 {¶ 26} The obligation to support a child attending college is a "matter pertaining to * * * the care of the child." Under a plain reading of the statute, the lower court had jurisdiction to modify this part of the Netoteas' separation agreement.
 {¶ 27} The majority construes this statute too narrowly. The majority notes that the Netoteas' daughter "was emancipated when the modification occurred." The majority continues: "The payment of [the daughter's] reasonable college living expenses are not current expenses for the support of a minor child. * * * Accordingly, such a payment does not represent child support
and, therefore, the court lacked jurisdiction to modify this portion of the agreement." (Emphasis added).
 {¶ 28} The majority erroneously reads into the statute the condition that a court's continuing jurisdiction only applies to minor children. There is no support for this reading in the statute itself. The statute does not distinguish between minor and adult children.
 {¶ 29} Instead, the majority cites law for the proposition that a parent is only responsible for providing a child with "necessaries" during the child's minority. This proposition, however, has no relevance to the statute at issue. Regardless of whether the Netoteas were obligated to do so, they have voluntarily agreed to support their daughter while she attends an accredited state institution. In any event, college has never been deemed part of the "necessaries" of raising a child. How the Netoteas came be responsible for their daughter's college is not relevant to the court's continuing jurisdiction.
 {¶ 30} The majority also places emphasis on the fact that college expenses do "not represent child support." Like the age of the child, this factor, too, has no bearing on the court's continuing jurisdiction in this matter. A court's continuing jurisdiction is not limited to issues of child support, but applies broadly to "all matters pertaining to the allocation of parental rights and responsibilities for the care of the children" as well as to issues of legal custody, parenting time, and visitation. R.C. 3105.65(B).[1] Cf. Biancarelliv. Biancarelli, 7th Dist. No. 04 NO 325, 2005-Ohio-4470, ¶ 42 (pursuant to R.C. 3105.65(B), a trial court may modify "child support issues * * * such as tax deduction, monthly payments, college expenses").
 {¶ 31} The issue of whether a court retains jurisdiction to modify the terms of an agreement regarding a child, even after that child becomes an adult, was directly addressed by this courtSutherell. In that case, we held that "a court may modify the terms providing for the support of a child, even after that child becomes an adult." 1999 Ohio App. LEXIS 2631, at *13.
 {¶ 32} In Sutherell, the parties' separation agreement provided that, if the child attended a college approved by the parties after the age of eighteen, the father would continue weekly support payments until completion or withdrawal from undergraduate studies and would pay for tuition, books, and supplies. Id. at *1-*2. The mother would be responsible for room, board, and transportation expenses. Id. at *2. The trial court subsequently modified the parties' agreement by terminating the father's obligation to provide support while the child attended college. Id. at *4.
 {¶ 33} The precise issue before this court in Sutherell was whether "separation agreements which provide educational benefits for children are * * * modifiable once the children reach the age of majority." Id. at *11. After considering conflicting authorities, this court concluded that such agreements are modifiable, "even after that child becomes an adult." Id. at *13. In doing so, we rejected the position, taken by the majority in the present case, that a provision for a child's education beyond the age of majority was purely a matter of contract law. "Once a separation agreement is incorporated into a decree of dissolution, it loses its separate legal identity as a contract and is superseded by the decree." Id. at *12; accord Bayer v.Bayer, 11th Dist. No. 2002-L-072, 2003-Ohio-4101, at ¶ 11.
 {¶ 34} The majority's ruling effectively overrulesSutherell.
 {¶ 35} For the foregoing reasons, I respectfully dissent.
[1] The provision of R.C. 3105.65(B) granting a court jurisdiction "to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children" is the same provision that grants a court "full power to enforce its decree." If the majority's holding were applied consistently, the court below would not have power to enforce the parties' agreement after the Netoteas' daughter became emancipated. Instead, the majority inconsistently holds that the court may enforce the provision regarding college expenses but not modify it. The basis for the court's jurisdiction to do either act is the same, i.e. R.C. 3105.65(B). Cf. Nokes v.Nokes (1976), 47 Ohio St.2d 1, 3 ("a court retains continuing
jurisdiction over child support orders contained in divorce decrees * * * and is empowered to modify such orders * * * as to future installments * * * throughout the duration of theorder'") (emphasis added) (citations omitted).