JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendants-appellants, Christine Halishak ("Christine") and William B. ("William B.") Halishak (collectively "defendants"), appeal from the judgment of the Cuyahoga County Court of Common Pleas, which dismissed their motion for relief from judgment. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following: On February 25, 1999, plaintiff-appellee, Tube City Inc. ("Tube City") obtained a judgment against William F. ("William F.") and Debra ("Debra") Halishak, the parents of the defendants in this matter, in the amount of $311,350.46, as a result of business dealings between Tube City and William F.'s demolition company. At the time of the 1999 judgment, William F. was going through bankruptcy and Tube City was unable to collect this judgment.
 {¶ 3} During bankruptcy proceedings, Tube City learned that William F. was depositing funds into his children's bank accounts. Tube City also obtained sworn testimony from William F. and Debra indicating that both defendants resided at the family residence located at 8300 Creekside Trace, Broadview Heights, Ohio ("the Creekside residence.")[1] *Page 3 
 {¶ 4} On August 23, 2004, Tube City filed a complaint against defendants alleging that they were involved in a scheme with their parents to hide funds that were subject to Tube City's judgment.
 {¶ 5} On August 31, 2004, a copy of the complaint was served by certified mail and signed for at the Creekside residence by Charlotte Z. Halishak, the grandmother of the defendants. One day later, on September 1, 2004, Tube City also filed instructions for service of the complaint by means of a process server, which was received by William F. at the Creekside residence on September 2, 2004. At that time, William F. told the process server that the defendants did not live at the Creekside residence.
 {¶ 6} On October 18, 2004, the court entered judgment against the defendants on the principal sum of $311,350.47. William F. received notice of this default judgment on October 23, 2004 but did not tell his children.
 {¶ 7} Sometime in the Fall of 2005, the defendants learned of the default judgment entered against them.
 {¶ 8} On December 29, 2005, the defendants filed a motion to vacate the October 18, 2004 judgment. In their motion, defendants claimed that they never received notice of the action and that because the service attempts were insufficient, the default judgment was void. Alternatively, defendants argued that under Civ. R. 60(B)(5), the judgment was voidable because they were never properly served at *Page 4 
their proper place of residence. Defendants supported the motion with their affidavits.
 {¶ 9} On May, 10, 2006, the trial court denied defendants' motion without opinion.
 {¶ 10} It is from this order that defendants now appeal and raise six assignments of error for our review.
 {¶ 11} "I. Whether the trial court erred by determining that defendants had not been denied their right to notice of the lawsuits filed against them in CV 04 539437 as prescribed by [sic] Fifth andFourteenth Amendments of the United States Constitution, and Article I, § 19 of the Ohio Constitution and denied defendants motion to vacate judgment where defendants were never served their complaints.
 {¶ 12} "II. Whether the trial court erred by determining defendants had not been denied their right to notice of the lawsuits filed against them in CV 04 539437 as prescribed by the Fifth andFourteenth Amendments of the United States Constitution, and Article I, § 19 of the Ohio Constitution and by denying defendants [sic] motion to vacate default judgment as a result of defendants not ansering [sic] the complaint but particularly where defendant and their process server were put on notice by the homeowner/third party judgment debtor/third party defendant that the defendants Christine and William B. Halishak could not be served at 8300 Creekside Trace, Broadview Hts., OH 44147 because they did not live there and the homeowners would not facilitate service of the complaints to them, but defendants *Page 5 
nonetheless obtained default judgment as a result of service at this address, without ever putting defendants on notice.
 {¶ 13} "III. Whether the trial court abused its discretion and erred as a matter of law by determining the court exercised personal jurisdiction over defendants as a result of proper service of lawsuit CV 04 539437 at 8300 Creekside Trace, Broadview Hts., Ohio 44147.
 {¶ 14} "IV. Whether the trial court erred in determining the trial court exercised personal jurisdiction over defendants due to the fact defendants were given proper notice under the due process clause of theFourteenth Amendment of lawsuit CV 04 539437 and denying defendants [sic] motion to vacate judgment, where defendants provided affidavits and other evidence to the trial court establishing they never received these complaints and where plaintiff was unable to produce any evidence defendants actually received these complaints.
 {¶ 15} "V. Whether the trial court erred in denying defendants 60(b) [sic] motion and determining 8300 Creedside [sic] was a proper address to serve defendant lawsuit CV 04 539437 and it could be reasonably calculated that under all circumstances defendants would be apprised of the action and afforded an opportunity to present their objections as a fundamental right under the due process clause of theFourteenth Amendment, particularly due to the fact defendants were college students not residing with their parents at 8300 Creekside and defendants *Page 6 
[sic] parents gave notice to plaintiff and their process server that defendants could not be served at this address.
 {¶ 16} "VI. Whether the trial court erred in denying defendans [sic] 60(B) motion to vacate challenging the award of the amount of damages entered against them in the amount of three hundred eleven thousand three hundred fifty dollars and forty six [sic] cents ($311,350.46) pursuant to a default judgment on a complaint, without holding a hearing to accept evidence in order to determine the amount of damages as required as required [sic] by law."
 {¶ 17} Before we review this case on its merits, we initially address the problems in defendants' brief. App. R. 16(A) requires a separate argument for each assignment of error. Pursuant to App. R. 12(A)(2), an appellate court may disregard any assignment of error for which a separate argument has not been made. See Portsmouth v. Internatl. Assn.of Fire Fighters, Local 512 (2000), 139 Ohio App. 3d 621, 626; Park v.Ambrose (1993), 85 Ohio App.3d 179, 186; State v. Caldwell (1992),79 Ohio App.3d 667, 677, 607. Here, the six assignments of error contained in defendants' brief are not separately argued. It would appear that the primary issue raised by defendants in their brief is whether the trial court erred in failing to grant them relief from the default judgment entered on October 18, 2004. Accordingly, while App. R. 12(A)(2) permits this Court to disregard assignments of error that are not separately argued, in the interest of judicial fairness, we address all *Page 7 
the assignments of error as one and proceed to address the issue of whether the defendants are entitled to relief from judgment.
 {¶ 18} Defendants argue that the default judgment was void and the trial court erred by denying the motion to vacate because service of the complaint at their parents' address was not "reasonably calculated" to reach them. Specifically, defendants claim that they were not living at their parents house during the requisite time period.
 {¶ 19} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. See Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, 406. This determination is made on a case-by-case basis. Id.
Christine Halishak
 {¶ 20} Here, the record demonstrates the following with regard to Christine's residence. On January 12, 2006, Christine entered into a lease for an apartment on Detroit Avenue in Cleveland, Ohio. Prior to that date, Christine declared her permanent residence as the Creekside residence. Specifically, Christine's US Bank account listed the Creekside address and all of her statements were sent to that address. (Tr.15). Her cell phone was registered under the Creekside address. (Tr.15). Her car insurance was registered under the Creekside address. (Tr.16). Her taxes were filed under the Creekside address. (Tr.19). Her car lease agreement was under the Creekside address. (Tr.20). Her resume, job *Page 8 
applications, and application for licensure to practice nursing listed the Creekside address. Although Christine stated that she spent most of her time at her boyfriend's apartment, she specifically stated in her deposition that she held the Creekside address to be her residence. (Tr.53-54). Accordingly, when the Clerk of Courts sent service of process to the Creekside residence on August 31, 2004, it was "reasonably calculated" to reach Christine.
William B. Halishak
 {¶ 21} With regard to William B. the record demonstrates the following: On January 12, 2006, William B. moved in with Christine into an apartment at 1500 Detroit Avenue, Cleveland, Ohio. Prior to that date, William B. declared his permanent residence as the Creekside residence. Specifically, his application for admission to the University of Toledo and housing forms listed the Creekside address. (Tr.45). Although William B. stated that he moved into an apartment at the college in mid-August, his lease for that apartment began on September 1, 2004, and he specifically stated in his deposition that he reported the Creekside address to be his permanent residence his entire time at school. (Tr. 45-46). Accordingly, when the Clerk of Courts sent service of process to the Creekside residence on August 31, 2004, it was "reasonably calculated" to reach William B.
Proper Service
 {¶ 22} Ohio Civ. R. 4.1(A) provides that service of process may be made by certified mail "evidenced by return receipt signed by any person * * *." (Emphasis *Page 9 
added). Service by certified mail is perfected when it is sent to an address "reasonably calculated to cause service to reach the defendant."Ohio Civ. Rights Comm. v. First Am. Properties (1996),113 Ohio App.3d 233, 237; Swinehart, supra. It is presumed that valid service of process has been made when the envelope is received by any person at the defendant's address. Id. Pursuant to Civ. R. 4.2(A), service of process is made by serving an individual other than a person under the age of sixteen or an incompetent person.
 {¶ 23} Here, the complaint was sent certified mail in accordance with the civil rules. Charlotte Z. Halishak, the grandmother of the defendants, signed for the letter. While defendants state that she was elderly, they have not stated that she was incompentent. See G.F.S.Leasing Mgmt. v. Mack (June 27, 2000), Stark App. Nos. 1999CA00391, 1999CA00390. Moreover, both defendants acknowledge that they always received their mail. (Christine Tr.19, 58-59); (William B. Tr. 54-55).
 {¶ 24} Based on the following, we find that service was perfected against both defendants and that the trial court had personal jurisdiction over both defendants. Accordingly, the judgment entered against the defendants is not void ab initio for lack of personal service on the defendants.
Civ. R. 60(B)
 {¶ 25} In general, in order to prevail on a Civ. R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to *Page 10 
relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. The failure to demonstrate all of the above requirements will result in a denial of his request for relief. Danforth v. Danforth, Cuyahoga App. No. 86693,2006-Ohio-2890. The decision whether to grant relief from judgment lies within the discretion of the trial court. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 26} Here, defendants allege the following meritorious defense: lack of personal jurisdiction. However, based upon our previous discussion, we find that defendants' "meritorious defense" regarding personal jurisdiction is not persuasive.
 {¶ 27} Since defendants failed to satisfy the requirements of Civ. R. 60(B), the trial court did not abuse its discretion in denying their motion for relief from judgment.
 {¶ 28} Defendants' six assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and MARY J. BOYLE, J., CONCUR
[1] On April 6, 2004, in proceedings before the bankruptcy trustee, William F. testified that both of the defendants lived at his house-Christine part time, and William B. when he was home from college. On June 2, 2004, Debra testified that both defendants "live at home some period of time." *Page 1