SHOWE MANAGEMENT CORPORATION, Appellant,

v.

CUNNINGHAM et al., Appellees.

[Cite as *Showe Mgt. Corp. v. Cunningham*, 191 Ohio App.3d 123, 2011-Ohio-432.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–719.

Decided Feb. 1, 2011.

124

C. Bernard Brush, for appellant.

Virgil Cunningham and Patrick T. Cunningham, pro se.

Willis Law Firm, L.L.C., Dimitrios G. Hatzifotinos, William L. Willis Jr. and Michael J. Cassone, amicus curiae in support of Showe Management Corporation.

TYACK, Judge.

{¶ 1} Appellant, Showe Management Corporation ("Showe"), is appealing from a Franklin County Municipal Court judgment. Showe assigns five errors for our consideration:

[I.] The trial court erred when it determined that it did not have jurisdiction to proceed.

[II.] The trial court erred when it applied Civil Rule 4.6(D) in this forcible entry and detainer action.

[III.] The trial court erred when it failed to follow statutory construction of law.

[IV.] The trial court erred when it determined that service was incomplete.

[V.] The trial court erred when it established an unwritten practice contrary to Ohio Revised Statute Section 1923.06.

{¶ 2} On October 13, 2009, Showe filed a complaint against appellees, Virgil and Patrick Cunningham, in the Franklin County Municipal Court. The complaint contained two claims for relief. One claim was for forcible entry and detainment ("FE & D") and one claim was for monetary damages due to an alleged failure of the Cunninghams to pay rent.

{¶ 3} A service bailiff for the Franklin County Municipal Court apparently posted copies of the court documents at the building being rented. However, mail service of the complaint was returned to the court having been marked "Return to Sender—Attempted—Not Known—Unable to Forward." Based upon these facts, a judge of the Franklin County Municipal Court found that service had not been perfected on either claim for relief and returned the case file to the clerk of the municipal court for further service attempts. Showe has appealed from that ruling.

{¶ 4} FE & D actions are governed by R.C. Chapter 1923. Service of process for FE & D actions is governed by R.C. 1923.06. Service of process for monetary claims is governed by Civ.R. 1, which provides:

(A) **Applicability**

These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

(B) **Construction**

These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice.

(C) **Exceptions**

These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, (2) in the appropriation of property, (3) in forcible entry and detainer, (4) in small claims matters under Chapter 1925, Revised Code, (5) in uniform reciprocal support actions, (6) in the commitment of the mentally ill, (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules.

{¶ 5} R.C. 1923.06 provides for service by ordinary mail and also by service at the subject property in three ways:

(D)(1) If requested, the clerk shall deliver sufficient copies of the summons, complaint, document, or other process to be served to, and service shall be made by, one of the following persons:

(a) The sheriff of the county in which the premises are located when the process issues from a court of common pleas or county court;

(b) The bailiff of the court for service when process issues from a municipal court;

(c) Any person who is eighteen years of age or older, who is not a party, and who has been designated by order of the court to make service of process when process issues from any of the courts referred to in divisions (D)(1)(a) and (b) of this section.

■ {¶ 6} Civ.R. 1(B) mandates that the Ohio Rules of Civil Procedure be construed so as to eliminate delay, reduce expense for litigants, and minimize impediments to the expeditious administration of justice. R.C. Chapter 1923 has similar goals, especially for the benefit of property owners who are not receiving rent, who are having their property damaged, or who are aware of illegal activity at their real estate. Still, these concerns cannot be addressed in a way that conflicts with due process of law—the right of individuals to be aware of court actions and defend their interests.

{¶ 7} As written, R.C. Chapter 1923 has several layers of due-process protections. First, tenants are to be provided with a written three-day notice that an FE & D action is being contemplated. Second, once litigation is begun, the statute mandates several steps that are designed to provide notice to tenants. Personal service is to be attempted first. Service by posting of the court documents at the property occurs only after personal service is attempted. See R.C. 1923.06(G). In conjunction with the posting of the documents at the property, copies of the documents must be mailed.

{¶ 8} A conflict exists between the civil rules as to mail service and mail service under R.C. 1923.06. If the mail is returned following the issuing of service under the civil rules, the service is deemed unperfected. No such provision is contained in R.C. 1923.06.

{¶ 9} There are valid reasons why R.C. 1923.06 does not include the additional provisions contained in the civil rules in the context of FE & D actions. First, some tenants simply move out after receiving their three-day notice of the landlord's intention to file an FE & D action. A landlord cannot reasonably be expected to find such tenants before legally regaining possession of the property through use of an FE & D action.

{¶ 10} Second, some tenants wish to stay and just not pay rent. Such persons are capable of marking mail or having mail marked in a way that claims absence when the tenants are not in fact absent.

{¶ 11} Third, significant delays can occur between the mailing of the documents to tenants and the return of the mail to the clerk of courts. Judgments for restitution of the premises or even set outs can occur before the returned mail makes its way to the court file. Such delays create problems for all involved— the litigants, the clerks, and the trial court judges.

{¶ 12} We therefore resolve the conflict in the service rules in the context of FE & D actions only, not the separate claims for money damages, by finding that service is perfected when the documents are placed in the mail. Judgment for possession of the premises can then legally proceed.

{¶ 13} The trial court in the present case understandably found otherwise, based upon a portion of this court's opinion in *Don Ash Properties v. Dunno,* 10th Dist. No. 03AP–375, 2003-Ohio-5893, 2003 WL 22480323. The judicial panel in the *Ash* case decided that service under R.C. 1923.06 did not occur if service under the civil rules was not perfected. We reach a different conclusion, partly because R.C. 1923.06 was amended and refiled in 2007, four years after *Ash* was decided. We also note that the panel in the *Ash* decision addressed an issue not literally before it. In *Ash,* the FE & D portion of the lawsuit had been dismissed in the trial court, so the issue whether service had been perfected under R.C. 1923.06 was no longer part of the case. In legalese, the comments of the panel in *Ash* regarding service under R.C. 1923.06 were dictum. The ruling still stands in the context of complaints for money damages, such as for unpaid rent or for damage to the property.

{¶ 14} With this background, we now turn to the individual assignments of error.

{¶ 15} As noted above, the first assignment of error reads:

[I.] The trial court erred when it determined that it did not have jurisdiction to proceed.

{¶ 16} Because Showe complied with R.C. 1923.06(G), we find that the trial court did in fact have jurisdiction to proceed with respect to the FE & D portion of the action filed by Showe, but not with respect to the monetary claims. The first assignment of error is sustained in part and overruled in part.

{¶ 17} The second assignment of error reads:

[II.] The trial court erred when it applied Civil Rule 4.6(D) in this forcible entry and detainer action.

{¶ 18} Because of the conflict between Civ.R. 4.6(D) and R.C. Chapter 1923, Civ.R. 4.6(D) does not apply to the FE & D portion of the claims filed on behalf of Showe. Again, the second assignment of error is sustained as to the FE & D portion of the lawsuit, but overruled as to the claim seeking monetary damages.

{¶ 19} As to the third assignment of error, the trial court followed the guidance previously provided by this appellate court in construing R.C. 1923.06. We are not prepared to say that it erred under those circumstances. The third assignment of error is overruled.

{¶ 20} The fourth assignment of error reads:

[IV.] The trial court erred when it determined that service was incomplete.

{¶ 21} In accord with our other rulings in this decision, service was complete as to the FE & D claim, but not as to the claim for monetary damages. The fourth assignment of error is sustained in part and overruled in part.

{¶ 22} We are not prepared to say that the Franklin County Municipal Court established an unwritten practice with respect to R.C. 1923.06. Instead, that court attempted to follow its understanding of the guidance provided in *Ash*. The trial court did what it is supposed to do, namely follow the words of a higher court. The trial court did not err in doing so. The fifth assignment of error is overruled.

{¶ 23} In summary, the third and fifth assignments of error are overruled. The first, second, and fourth assignments of error are sustained in part. The ruling of the trial court is reversed as to its service findings with regard to the FE & D claims and affirmed as to its findings with respect to the monetary-damages claims. The case is returned to the Franklin County Municipal Court for further appropriate action.

Judgment affirmed in part
and reversed in part,
and cause remanded
for further proceedings.

BROWN and SADLER, JJ., concur.