[Cite as *Vargyas v. Brasher*, 2015-Ohio-464.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| John T. Vargyas | Court of Appeals No. L-14-1193 |
| Appellee | Trial Court No. CVG-12-14496 |
| v. | |
| David C. Brasher, Brittany Galbraith and Cliff C. Barnard | **DECISION AND JUDGMENT** |
| Appellants | Decided: February 6, 2015 |

* * * * *

Joanna M. Orth, for appellee.

Douglas A. Wilkins, for appellants.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from a judgment entry denying a motion to set aside a default judgment issued by the Toledo Municipal Court. For the reasons that follow, we affirm.

{¶ 2} Appellants, David C. Brasher and Brittany Galbraith, entered into a lease agreement with appellee, John Vargyas, in September of 2009.  Upon failing to make timely rent payments, appellants were provided with a three-day notice to leave the premises in accordance with R.C. 1923.04 on August 7, 2012.  The notice lawfully reflected appellee's intention to file a landlord complaint seeking forcible entry and detainer if appellants remained on the premises beyond August 10, 2012.  The notice thus made apparent appellee's demand for appellants to vacate by August 10, 2012. Appellants, however, did not adhere to the demand and remained on the premises until August 12, 2012.

{¶ 3} Without knowledge and confirmation of appellants' vacation of the property, appellee filed the forcible entry and detainer action on August 13, 2012.  On August 15, 2012, the Toledo Municipal Court sent out the summons and complaint to appellants via ordinary mail with a certificate of mailing.  This mail was never returned from the post office.  The Toledo Municipal Court also attempted personal service of process upon appellants on August 16, 2012.  With no reception of the personal service of process, the summons and complaint were posted on appellants' door.  Appellee did not then receive any past due rents owed, but did receive the keys to the premises from appellants on August 25, 2012.  Judgment for possession was awarded to appellee.

{¶ 4} Appellee subsequently filed for default judgment and requested a hearing for an assessment of damages on December 18, 2012.  The Toledo Municipal Court granted

2.

default judgment for restitution in favor of appellee and, after the damages-assessment hearing, awarded $3,297.82 on February 5, 2013.

{¶ 5} Appellants claim they had no notice of the default judgment against them until attempting to purchase a vehicle in May of 2014. Appellants subsequently filed a motion to set aside the default judgment, pursuant to Civ.R. 60(B). The Toledo Municipal Court denied the motion to set aside the judgment because appellants failed to put forth justifiable reasons as to why the judgment should be set aside.

{¶ 6} From that judgment, appellants now bring this appeal, setting forth the following assignment of error:

The Court Erred in Failing to Set Aside the 2/15/13 Judgment.

{¶ 7} Civ.R. 60(B) provides, in pertinent part, that on motion and upon just terms, the court may relieve a party from a final judgment for mistake, inadvertence, surprise, excusable neglect, or any other equitable reason justifying relief. In order for appellants to have been entitled to such relief, appellants would thus have had to demonstrate that they had a meritorious defense or claim to present, and they were entitled to such relief in accordance with Civ.R. 60(B)(1) through (5). *Lambert v. Lambert*, 6th Dist. Fulton No. F-05-002, 2005-Ohio-6145, ¶ 13. (Citation omitted.)

{¶ 8} A lower court's determination to not set aside a judgment is reviewed for an abuse of discretion, which is a discretion that requires a finding that the trial court's attitude was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983). (Citation omitted.)

3.

**{¶ 9}** As previously noted by this court, "a judgment based on faulty service is [generally] void." *See G.K.G. Builders, Inc. v. Burgess*, 2014-Ohio-2431, 13 N.E.3d 745, ¶ 7 (6th Dist.), citing *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 133 N.E.2d 606 (1956), paragraph three of the syllabus. Moreover, a voidable judgment may be vacated because of the inherent power of Ohio Courts. *Id.* (Citation omitted.) A party may thus be entitled to this court vacating a default judgment if the service of process is deemed faulty. *Id.* (Citation omitted.) However, a trial court's determination to not vacate a default judgment is only overturned when an abuse of discretion is evident from the record. *Id.* (Citation omitted.)

**{¶ 10}** Although Ohio Rules of Civil Procedure generally govern service of process, forcible entry and detainer actions are exempt and are governed by the rules of the Toledo Municipal Code. Civ.R. 1(C). *Accord Machshonba v. Cleveland Metro. Hous. Auth.*, 2011-Ohio-6760, ¶ 9 (8th Dist.). Toledo Municipal Code 35(A)(1) provides:

> In forcible entry and detainer (FED) actions under Ohio Revised Code Chapter 1923, summons shall be issued in the form as specified in section 1923.06(B) of the Ohio Revised Code and shall be served as in the Rules of Civil Procedure, except as set forth in subsection (3) [herein]. Service of summons shall be made at least 5 days before the hearing date.

4.

*See G.K.G. Builders*, 2014-Ohio-2431, 13 N.E.3d 745, at ¶ 9 (finding service of process complete because summons and complaint were sent by ordinary mail and posted on tenant's door in accordance with Loc.R. 35(A)).

{¶ 11} Toledo Municipal Code 35(A)(3)(c) provides further elaboration in that service of process is deemed complete "on the date 'both ordinary mail service under division (A)(3)(b) and service by posting pursuant to division (A)(3)(a)(2) of this section have been made." *Id.* at ¶ 10.

{¶ 12} The court here finds the application of the above rules illustrated in *G.K.G. Builders* persuasive in analyzing the case at bar. In *G.K.G. Builders*, this court held that a tenant's motion to vacate judgment due to a lack of proper service in a forcible entry and detainer action was denied because service of the summons and complaint was indeed complete. *Id*. at ¶ 20. Service of process was deemed complete because the summons and complaint were sent by ordinary mail and simultaneously posted on the tenant's door in compliance with Toledo Municipal Code 35(A). *Id*. at ¶ 16. The date of posting was found to be the date of completeness because it occurred after the summons and complaint had been sent. *Id*. This court also noted that in addition to the plain reading of Toledo Municipal Code 35(A), preserving the summary nature of forcible entry and detainer actions led to the conclusion that service of process was complete and in accordance with due process. *Id*. at ¶ 19. *See also Amherst Village Mgmt. v. Vestal*, 6th Dist. Wood No. WD-99-075, 2000 Ohio App. LEXIS 4981, *13 (Oct. 27, 2000) (implying mirror statute R.C. 1923.06 is constitutional because, inter alia, the necessity

5.

for landlords to have a "summary, extraordinary, and speedy method for the recovery of possession of real estate").

{¶ 13} Here, appellants concede that residential and ordinary mail were appellee's attempted methods of service. Appellee contends that these attempted methods were in compliance with R.C. Chapter 1923 and Toledo Municipal Code 35(A). The record reflects that the Toledo Municipal Court sent the summons and complaint via ordinary mail on August 15, 2012. The record also reflects that the bailiff of the court attempted personal service upon appellants on August 16, 2012. Consistent with the rationale subscribed to in *G.K.G. Builders*, as of August 16, 2012, appellee's service of process was complete. *See G.K.G. Builders*, 2014-Ohio-2431, 13 N.E.3d 745, at ¶ 16 (finding service of process complete on the later of the two dates between the mail and bailiff deliveries).

{¶ 14} Furthermore, appellants here contend that appellee's service of process was not made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Tube City, Inc. v. Halishak*, 8th Dist. Cuyahoga No. 88287, 2007-Ohio-2118, ¶ 19, citing *Akron-Canton Reg'l Airport Auth. v. Swinehart*, 62 Ohio St. 2d 403, 406, 406 N.E.2d 811 (1980). This determination is made on a case-by-case basis. *Id*. (Citation omitted.)

{¶ 15} This court cannot grant merit to this claim. Appellants were fully aware that they were being evicted for non-payment of rent. It is reasonable for this court to assume that appellants have life experience sufficient to recognize that a landlord's

6.

business is to collect rent from her tenants. Therefore, appellants were indeed apprised of a potential forcible entry and detainer action against them based on the idea that appellee was still owed past rent and may look to the court to secure it.

{¶ 16} Appellants, moreover, were placed on notice of the potential forcible entry and detainer action once the three-day notice was placed on their door. *See*, *e.g.*, *Showe Mgmt. Corp. v. Cunningham*, 191 Ohio App.3d 123, 2011-Ohio-432, 944 N.E.2d 1234, ¶ 7 (10th Dist.) (explaining that a three-day notice is one of "several layers of Due Process protections" accorded to a tenant facing a forcible entry and detainer action). Although the actual date appellants vacated the premises is in contention, the earliest date appellants claim to have left is August 12, 2012. However, that date is still two days beyond the required date of August 10, as established on the three-day notice. Hence, the record reflects that appellants were not only reasonably apprised because they had not paid their rent, but that appellants were also reasonably apprised because the three-day notice notified them that appellee had legal standing to bring a forcible entry and detainer action against them.

{¶ 17} For the foregoing reasons, this court finds that the Toledo Municipal Court did not err in denying the motion to set aside the default judgment issued against appellants. Appellants' assignment of error is thus found not well-taken.

{¶ 18} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed and costs to appellants shall be assessed pursuant to App.R.24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.              _____

                                                      JUDGE

Arlene Singer, J.                   

                                            _____

Stephen A. Yarbrough, P.J.                          JUDGE
CONCUR.

                                            _____

                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.